| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GEORGETOWN ) | CASE NO.: 2021-CP-22- |
| ) | |
| Frances P. Altman and David M. Altman, Jr., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **SUMMONS** |
| -vs- ) | **(Jury Trial Requested)** |
| ) | |
| WHLR-Litchfield Market Village, LLC, BI-LO, ) | |
| LLC, and John Doe (as unknown store manager), ) | |
| ) | |
| Defendants. ) | |

TO THE DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to Answer the Complaint in this action, a copy of which is served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at his office at 13001 Ocean Highway, Pawleys Island, SC 29585, within thirty (30) days after service thereof **[unless service is made by registered mail in which event you have thirty-five (35) days]** exclusive of the say of such service.  If you fail to answer within the time aforesaid, the Plaintiffs in this action will apply to the Court for judgment by default and the relief demanded in the Complaint will be rendered against you.

        HARMON AND FELTS, PA

        s/Gerald E. Harmon, Jr.
        Gerald E. Harmon, Jr.
        SC Bar Number: 74989
        13001 Ocean Highway
        Pawleys Island, SC 29585
        843-237-7810 (phone)
        843-237-2010 (fax)
        litigation@harmonandfelts.com

        Attorney for Plaintiff(s)

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GEORGETOWN ) | CASE NO.: 2021-CP-22- |
| ) | |
| Frances P. Altman and David M. Altman, Jr., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **COMPLAINT** |
| -vs- ) | **(Jury Trial Requested)** |
| ) | |
| WHLR-Litchfield Market Village, LLC, BI-LO, ) | |
| LLC, and John Doe (as unknown store manager), ) | |
| ) | |
| Defendants. ) | |

COMES NOW, Plaintiff in the above-captioned matter, by and through undersigned attorney, and allege by way of this Complaint as follows:

**PARTIES**

1. That the Plaintiff Frances P. Altman is a resident of the State of South Carolina, County of Georgetown.

2. The Plaintiff David M. Altman, Jr. is a resident of the State of South Carolina, County of Georgetown.

3. Defendant WHLR-Litchfield Market Village, LLC upon information and belief, is a company organized and existing pursuant to the laws of the State of South Carolina and registered to do business in the State of South Carolina.

4. Defendant BI-LO, LLC upon information and belief, is a company organized and existing pursuant to the laws of the State of South Carolina and registered to do business in the State of South Carolina.

5. Defendant John Doe, upon information and belief, is a citizen and resident of the State of South Carolina. At all times relevant to the facts of this Complaint, Defendant Doe was working as the store manager within the course and scope of his/her employment with BI-LO, LLC and said

Defendant is liable for his/her acts and/or omissions under the doctrine of respondent superior and/or agent/principal, master/servant.

6. At all times relevant to the facts of this Complaint, Defendant John Doe was working within the course and scope of his/her employment for one or all of the Defendants, and Defendants are liable for his/her acts or omissions under the doctrines of respondent superior, agent/principal, or master/servant.

7. That the Defendant John Doe, at all times relevant to the facts as alleged herein, was the manager of BI-LO Store # 5741 located in the Pawleys Island section of Georgetown County, State of South Carolina, and furthermore an employee of Defendant BI-LO, LLC and/or Defendant WHLR-Litchfield Market Village, LLC.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action and the allegations set forth herein.

9. This Court has general and specific personal jurisdiction over the Defendants because the Defendants resides in, maintains a principal place of business, or transacts business within the County of Georgetown and State of South Carolina. Further, jurisdiction is proper because this matter involves the commission of a tortious action occurring in this State and the retail sale of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

10. Venue is proper in this matter because the facts and circumstances giving rise to this incident occurred in Georgetown County, South Carolina.

## BACKGROUND FACTS

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

11. That on or about May 11, 2019 David M. Altman, Jr. and Frances P. Altman traveled to BI-LO Store #5741 located at 115 Willbrook Boulevard in Pawleys Island, South Carolina. Both Mr. Altman and Mrs. Altman exited their vehicle and proceeded towards the entrance of BI-LO.

12. France P. Altman, who was walking ahead of her husband, tripped over a row of loose, out of place bricks near the trashcan.

13. David M. Altman, Jr., who had walked to an outside trashcan, turned and saw his wife on the ground and walked towards her to help. As he proceeded towards his wife, Mr. Altman tripped on the same loose, out of place bricks.

14. As a result of their falls the Plaintiffs sustained injuries to their persons and has caused and will in the future cause the Plaintiffs to experience much physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency.

15. Plaintiffs were required to seek medical attention as well as follow up medical care and these injuries and will in the future cause the Plaintiffs to have to spend great sums of money for medical services.

**FIRST CAUSE OF ACTION**
**(PREMISES LIABILITY)**

16. The Paragraphs set forth above are reiterated and realleged as though set forth verbatim.

17. Defendants owned or leased the above described Property.

18. Plaintiff entered the Property for the benefit of Defendants as an invitee of Defendants.

19. Defendants BI-LO, LLC and WHLR-Litchfield Market Village, LLC owed Plaintiff a duty to conduct reasonable inspection of the premises to discover and remedy defects that could pose a hazard to invitees lawfully on the subject premises.

20. Upon information and belief, Defendant John Doe, as general manager of the subject premises at the time of the events complained of, owed Plaintiff a duty to conduct reasonable

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

inspection of the premises to discover and remedy defects that could pose a hazard to invitees lawfully on the subject premises.

21. Defendants owed Plaintiff a duty to exercise reasonable care for her safety, and this duty included but is not limited to warning the Plaintiff of hidden, latent, known, or obvious dangers of which the Defendants have knowledge or should have knowledge.

22. Defendants knew or should have known of the hazard because they created the condition.

23. The Defendants, jointly and severally, breached these duties and were negligent, reckless, willful, and wanton in the following particulars:

   (a) In failing to maintain the premises in a safe condition for the use of invitees and guests at the BI-LO, LLC, located at 115 Willbrook Boulevard, Pawleys Island, Georgetown County, South Carolina.

   (b) In failing to discover and remedy any dangerous conditions which existed, in particular the dangerous condition or conditions that existed in the area in which Plaintiff fell on or about the date above-referenced;

   (c) In failing to adequately warn guests and invitees that a dangerous condition existed, in particular in the area in which Plaintiff fell;

   (d) In creating a condition that posed a hazard to invitees lawfully on the subject premises in the area in which Plaintiff fell; and

   (e) In such other and further particulars as the evidence might show.

24. That at all times relevant, Defendant John Doe was a manager and/or General Manager of Defendant BI-LO, LLC with responsibility for cleaning, monitoring, and maintaining the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

25. That as manager and/or General Manager of Defendant BI-LO, LLC Defendant John Doe had control, power, authority, and responsibility to manage, direct, superintend, restrict, regulate, govern, administer, and/or oversee the management of the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

26. That Defendant John Doe failed to control, manage, direct, superintend, restrict, regulate,

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

govern, administer, and/or oversee the management of the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

27. That Defendant John Doe failed to control, clean, monitor, and maintain the Premises to ensure that they were safe, clean, and not dangerous to persons such as Plaintiff.

28. That Defendant John Doe failed to enforce Defendants' policies, including policies concerning the maintenance of the grounds.

29. As a direct and proximate result of Defendants' negligence, gross negligence, willful and wanton acts and omissions, Plaintiff suffered actual and consequential damages, which include but are not limited to pain and suffering and medical bills. Plaintiff is also entitled to punitive damages for the acts and omissions.

**FOR A SECOND CAUSE OF ACTION**
**(NEGLIGENCE AND GROSS NEGLIGENCE)**

30. The Paragraphs set forth above are reiterated and realleged as though set forth verbatim.

31. Defendants owed an affirmative duty of care to Plaintiff because of the above mentioned relationship.

32. Defendants breached their duty of care to Plaintiff by, among other things, providing insufficient warning or notice of the presence of the hazard.

33. Defendants knew or should have known of the hazard as they created the condition.

34. As a direct and proximate result of Defendants' negligence, gross negligence, willful and wanton acts and omissions, Plaintiff suffered actual and consequential damages, which include but are not limited to, pain and suffering and medical bills. Plaintiff is also entitled to punitive damages.

35. That all of the Defendants, by and through their agents, servants, and employees, did act negligently, recklessly, willfully, wantonly, and grossly negligent in the following particulars:

    a. In then and there creating a dangerous, unsafe and defective condition on said premises, which constituted a menace and hazard to the public generally, and to this Plaintiff in particular;

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

b. In then and there allowing a dangerous, unsafe and defective condition to remain when it knew or should have known of the conditions of the grounds, and that the same was unsafe and dangerous and likely to cause serious bodily harm to the Plaintiff and others on said premises;
c. In then and there failing to exercise that degree of care which a reasonably prudent person would have exercised under the same circumstances;
d. In then and there failing to properly maintain and repair said premises, thus making it unsafe for the use of the Plaintiff and others invited therein.
e. In then and there failing to notify or warn the Plaintiff of the existence of the dangerous, unsafe and hazardous condition on said premises, its agents, servants, and employees knew or by exercise of reasonable care should have known of the said dangerous, unsafe and hazardous condition.
f. In then and there failing to take every, or in fact, any precaution to avoid the dangerous, unsafe and hazardous condition existing on the premises.
g. In then and there failing to have proper guides or warning signals at the dangerous, unsafe and hazardous condition for the use of the Plaintiff and others lawfully invited into the premises.
h. In maintaining a latent condition which constituted a danger to the Plaintiff and other customers;
i. In such other and further particulars as the evidence produced through discovery and/or trial.

All of which were the direct and proximate cause or combined to be the proximate cause of the injuries and damages suffered by the Plaintiff herein.

36. That by reason of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts of commission and/or omission on the part of all the Defendants as aforesaid, the Plaintiff is informed and believes that Plaintiff is entitled to judgment against the Defendants from the Defendants' negligent acts or omissions as set out below.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally for actual damages, plus punitive damages to be determined by a competent jury, for the costs of this action, and such other and further relief as this Court might deem just and proper.

**-Signature Page to Follow-**

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

ELECTRONICALLY FILED - 2021 Apr 15 1:02 PM - GEORGETOWN - COMMON PLEAS - CASE#2021CP2200265

                HARMON AND FELTS, PA

                <u>s/Gerald E. Harmon, Jr.</u>
                Gerald E. Harmon, Jr.
                SC Bar Number: 74989
                13001 Ocean Highway
                Pawleys Island, SC 29585
                843-237-7810 (phone)
                843-237-2010 (fax)
                litigation@harmonandfelts.com

                Attorney for Plaintiff(s)